

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 06-11106-B-13
)
Ryan K. Leffingwell, ) DC No. PLF-10
)
Debtor. )
)

## MEMORANDUM DECISION REGARDING DEBTOR'S OBJECTION TO CLAIM OF FORD MOTOR CREDIT COMPANY

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Peter L. Fear, Esq., of the Law Offices of Peter L. Fear appeared for the debtor, Ryan K. Leffingwell (the "Debtor").

Before the court is the Debtor's objection (the "Objection") to an amended proof of unsecured claim (the "Unsecured Claim") filed by Ford Motor Credit Company ("FMCC") following the surrender of a "910-day" vehicle. Courts across the country have been diametrically split on the proper resolution of this issue. The Objection is based on the "majority" view. FMCC did not appear or respond to the Objection. However, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") has very recently resolved this issue, at least for bankruptcy courts in this Ninth Circuit, siding with the "minority" view. Accordingly, the Objection will be overruled.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 502,[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B).

The Unsecured Claim arises from the Debtor's purchase of a new 2004 Ford Expedition on August 13, 2004 (the "Vehicle"). The Vehicle was purchased within 910 days prior to commencement of this bankruptcy on July 25, 2006. On August 21, 2006, FMCC filed a "fully secured" proof of claim in the amount of $26,869.94 bearing the notation "910 CLAIM-NO CRAMDOWN PER STATUTE" (the "Secured Clam"). On October 13, 2006, the Debtor confirmed his original chapter 13 plan which provided for full payment of the Secured Claim. However, on January 18, 2007, the Debtor brought a motion for modification of his chapter 13 plan to provide for, *inter alia*, surrender of the Vehicle in satisfaction of the Secured Claim. Surrender of a secured creditor's collateral is one alternative for the treatment of a secured claim under § 1325(a)(5)(C). The modified plan was noticed to, and approved without objection from, FMCC. Thereafter, the Vehicle was presumably sold by FMCC.[2] The Unsecured Claim amends the Secured Claim to reflect a "deficiency claim" in the amount of $9,950.11.

The Debtor asks that the Unsecured Claim be disallowed on the grounds that surrender of the Vehicle be deemed "full satisfaction" of his obligation to FMCC. The Debtor's objection is based on the "hanging paragraph" in § 1325(a)(9), which precludes

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2] Confirmation of this court's standard chapter 13 plan modifies the automatic stay to permit the repossession and sale of "surrendered" collateral.

application of § 506 to all so-called "910-day" secured claims.[3] The Debtor relies on the "majority opinion" of published cases which is neatly summarized in *Capital One Auto Finance v. Osborn (In re Osborn)*, 363 B.R. 72 (8th Cir. BAP 2007). A majority of the courts interpreting the interplay between the "hanging paragraph" and § 1325(a)(5)(C) have ruled (1) that the "hanging paragraph" deems a 910-day claim to be fully secured; and (2) that it precludes the secured creditor from collecting an unsecured deficiency after the subject collateral is surrendered and liquidated. *Id.* at 78.

On the other hand, the "minority opinion" holds (1) that § 506 never applied to the surrender of collateral under § 1325(a)(5)(C); and (2) that the creditor's contractual right to a deficiency claim arises independently under state law. See *In re Clark*, 363 B.R. 492 (Bankr. N.D. Miss. 2007). As the body of case law interpreting BAPCPA increases, it is apparent that the "hanging paragraph" issue, relating to a creditor's rights upon surrender of "910-day" collateral, is profoundly complex and unsettled. At the time of the hearing on this Objection there were no published decisions on this issue in the Ninth Circuit. Those Circuits that have ruled on the issue appear to be in stark disagreement which suggests that the question will ultimately have to be resolved by the U.S. Supreme Court.

However, for now, the controversy appears to be settled in the Ninth Circuit. The BAP has issued a decision siding with the "minority" courts in allowing the deficiency claim. *Wells Fargo Financial Acceptance v. Rodriguez (In re Rodriguez)*, 2007 W.L. _____ (9th Cir. BAP August 28, 2007). In *Rodriguez*, the debtor filed a chapter 13 plan providing for surrender of a "910-day" vehicle "in full satisfaction of the entire debt owed to [Wells Fargo]" and then objected to the lender's deficiency claim. The bankruptcy court followed the "majority" and sustained the objection, finding that surrender of the vehicle extinguished Wells Fargo's claim. The BAP reversed, recognizing that (1) § 506 has never been applied to surrendered collateral; (2) Wells

---

[3] The Debtor does not contend that FMCC failed to repossess and liquidate the Vehicle in a commercially reasonable manner, or that the Unsecured Claim should be disallowed for any reason under nonbankruptcy law.

3

Fargo's right to a deficiency claim was a contractual right arising under state law; and (3) there is no basis under § 502 for disallowance of the deficiency claim.[4]  The BAP's resolution of this issue is well reasoned and it will be followed by this court.

**Conclusion.**

Based on the foregoing, the Debtor's Objection to FMCC's unsecured claim will be overruled.  FMCC's deficiency claim, based upon the surrender and sale of a "910-day" vehicle, will be allowed in full.

Dated: August __29__, 2007

W. Richard Lee
United States Bankruptcy Judge

---

[4]Section 502(a) deems that all claims *shall be allowed* unless they fall into one of nine specifically enumerated categories set forth in § 502(b), none of which is applicable here.  Section 502(b) is the sole statutory basis for disallowing claims in a bankruptcy case.  See *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 435 (9th Cir. BAP 2005), citing *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 150-51 (8th Cir. BAP 2004).